UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Case No. 1:22-CV-00725-RBW

JONATHAN MULLANE,

        Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, *et al.*,

        Defendants.

Hon. Reggie B. Walton, D.J., presiding

**PLAINTIFF'S OMNIBUS OPPOSITION TO:**
**[1] DEFENDANTS' MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT;**
**[2] DEFENDANTS' SECOND MOTION FOR AN ENLARGEMENT OF TIME**

COMES NOW Plaintiff Jonathan Mullane ("Plaintiff") in the above-captioned cause, and hereby respectfully requests that this Honorable Court deny Defendants': (1) motion to set aside the Clerk's entry of default [D.E. 33]; and (2) Defendants' second motion for an enlargement of time [D.E. 35]. In support hereof, Plaintiff hereby incorporates by reference the following:

(i)      **the arguments set forth in his pending motion for a default judgment pursuant to Fed. R. Civ. P. 55(b) [D.E. 34]**;

(ii)     the verified averments of the operative complaint [D.E. 1];

(iii)    Plaintiff's opposition to Defendants' motion to transfer this case to the Southern District of Florida [D.E. 11];

(iv)    Plaintiff's November 10, 2021 declaration and supporting exhibits [D.E. 12];

(v)     Plaintiff's Application[1] for an Entry of Default, together with its supporting affida-

        vit [D.E. 26-27];

(vi)    the Clerk's March 1, 2022 Entry of Default against Defendants pursuant to Fed. R.

        Civ. P. 55(a) [D.E. 29]; and

(vii)   Exhibits 1 through 4, appended hereto.

See Fed. R. Civ. P. 10(c) (specifically authorizing adoption by reference to other filings within the

same proceeding).

        In requesting that this Court deny the aforesaid two (2) motions, Plaintiff remains troubled

by Defendants' motion to transfer this action from the District of Columbia to the Southern District

of Florida—something with Defendants disturbingly requested *after* being informed, in writing,

of the district-wide recusal and other delays which would result. In point of fact, Plaintiff had even

provided Defendants' counsel of record with a copy of the Eleventh Circuit's order of district-

wide recusal in the companion case wherein the factual allegations are the same. See Ex. 1. Thus,

at the precise moment in time when Defendants filed their motion for transfer to the Southern

District of Florida, Defendants had actual knowledge of the recusals and delays which would re-

sult.

        However, instead of simply withdrawing their motion, Defendants opted to knowingly mis-

lead this Court, misrepresenting in pertinent part:

> PLAINTIFF'S ASSERTION THAT TRANSFER TO THE SOUTHERN
> DISTRICT OF FLORIDA WOULD REQUIRE THE RECUSAL OF ALL
> JUDGES IN THAT DISTRICT IS INCORRECT.

---

[1] Plaintiff notes that he attempted in good faith to confer with counsel for Defendants in the District of Columbia prior to requesting entry of default by the Clerk. In writing, Plaintiff requested both the name and contact information of the AUSA who will be representing Defendants going forward. No response was ever provided to that reasonable request.

(Emphasis in original) D.E. 13 at 8. Yet unsurprisingly, as stated in Chief Judge Altonaga's *sua sponte* order dated March 14, 2022 [D.E. 37], a district-wide recusal is precisely what occurred following this Court's allowance of Defendants' motion to transfer.

Litigation is not an invitation for the Government to play a game of musical chairs for three (3) years and counting.[2] Nor are Defendants entitled to deliberately deprive Plaintiff of his due-process right to a fair and impartial trial by baldly seeking to have this case tried before the friends and colleagues of the subject district-court judge in the Southern District of Florida. It is respectfully submitted that Court should not permit Defendants' dilatory tactics to continue indefinitely and unabated. Plaintiff has been unemployed since May 2019, and is constitutionally entitled to a timely trial and to an expeditious adjudication of this matter. Defendants cannot now be indulged with additional extensions in light of the fact that: (1) Defendants have already abused this Court's goodwill by successfully obtaining additional time to respond to Plaintiff's complaint, yet *still* failed to respond within the new deadline; (2) Plaintiff, who remains unemployed to-date, will foreseeably incur quantifiable harm for each additional day that passes; and (3) during this extended three-year delay, spoliation of evidence has occurred[3] thereby further prejudicing Plaintiff.

Even to-date, Defendants unreasonably refuse to enter into settlement discussions; for the past three (3) years, they have consistently declined to resolve this serious matter amicably. But Defendants cannot decline to settle while simultaneously refusing to timely defend and/or otherwise plead in this action. Moreover, Defendants have additionally failed to proffer any "meritorious defense" proving to this Court that they would "likely" prevail at trial—something which is a

---

[2] As explained in prior filings in this case, the subject litigation between the parties has been ongoing since December 2018, *i.e.*, for more than three (3) years.

[3] As noted in previous filings, this significant spoliation includes *inter alia* the deletion of all responsive email communications from the work computer of former Miami USAO employee Benjamin G. Greenberg. Indeed, the foregoing spoliation was disclosed in the sworn declaration submitted by Miami USAO paralegal Francys Marcenaros in the parallel FOIA/PA litigation.

non-negotiable requirement for vacating any entry of default under Fed. R. Civ. P. 55(a). But per-haps more importantly, Defendants have conspicuously failed to submit to this Court any **pro-posed answer and/or Rule 12 motion** in order to make a *prima facie* showing of a "meritorious defense" allowing them to "likely" prevail at the time of trial. Nor have they filed even a simple declaration and/or affidavit in support of any such defense.

In conclusion, Defendants were properly served seven (7) entire months ago in August 2021, yet still refuse to simply answer the complaint in this action. And since Defendants have come nowhere close to satisfying any of the procedural requirements for setting aside the Clerk's entry of default—federal common law requires more than just "general denials" of the complaint's allegations—there can be no "good cause" for further prejudicial delays here. Indeed, as this Court will observe, Defendants' unverified motion to set aside the entry of default [D.E. 33] was not filed with any accompanying affidavit, declaration, agency records, or any other "specific facts" relating specifically to Defendants' proposed defenses to be asserted at the time of trial (*i.e.*, a strict requirement under federal common law in order to vacate an entry of default).

*A fortiori*, as noted in Plaintiff's pending motion for a default judgment as to the issue of liability [D.E. 34], it is an **abuse of discretion and reversible error for any district court to vacate an entry of default in cases wherein spoliation has already occurred.** Thus, as a matter of settled law, no "good cause" can exist for further delays vis-à-vis the adjudication of this three-year-old litigation, and Defendants' two (2) motions are due to be denied.

## CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully prays that this Honorable

Court:

(i)     deny Defendants' second motion for an enlargement of time [D.E. 35];

(ii)    deny Defendants' unverified motion to set aside the Clerk's entry of default [D.E.

        33];

(iii)   grant Plaintiff's pending motion for a default judgment, solely as to the issue of

        liability, pursuant to Fed. R. Civ. P. 55(b) [D.E. 34]; and

(iv)    schedule and hold an evidentiary hearing pursuant to Fed. R. Civ. P. 55(b)(2)(B) in

        order to quantify damages.

At Cambridge, Massachusetts,                    Respectfully submitted,
This 21st Day of March, 2022.

                                                /s/ Jonathan Mullane
                                                JONATHAN MULLANE
                                                6 Bennett Street
                                                Cambridge, MA 02138
                                                Tel.: (617) 800-6925
                                                j.mullane@icloud.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:       March 21, 2022                     /s/ Jonathan Mullane
                                                JONATHAN MULLANE