UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-0725 (RBW) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendants*

Dated:  May 20, 2022

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ..........................................................................................................1

ALLEGATIONS IN THE COMPLAINT ........................................................................2

APPLICABLE LEGAL STANDARDS ...........................................................................5

ARGUMENT ................................................................................................................6

I.      CLAIMS FOR IMPROPER DISCLOSURE OF AGENCY RECORDS UNDER
        THE PRIVACY ACT. .......................................................................................6

II.     PLAINTIFF ALLEGES NO FACTS INDICATING THAT THE RECORDS AT
        ISSUE WERE CONTAINED IN A PRIVACY ACT "SYSTEM OF RECORDS." ........7

        A.    A Privacy Act Violation Occurs Only When an Agency Discloses a Record
              Contained in a "System of Records." .......................................................7

        B.    Plaintiff Has Not Alleged That the Records at Issue Were Contained in a
              "System of Records." .............................................................................8

        C.    DOJ's Email System Is Not a Privacy Act "System of Records." ...........9

III.    PLAINTIFF HAS NOT ALLEGED THAT THE DISCLOSED INFORMATION
        WAS "RETRIEVED" FROM A PRIVACY ACT "SYSTEM OF RECORDS.". ..........10

IV.     PLAINTIFF ALLEGES NO FACTS TO SUPPORT THE CONCLUSION THAT
        HE PLAUSIBLY SUFFERED ACTUAL DAMAGES AS A RESULT OF THE
        ALLEGED UNLAWFUL DISCLOSURES...................................................13

CONCLUSION........................................................................................................ .. 14

# TABLE OF AUTHORITES

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................ 5

*Bernegger v. Exec. Off. for U.S. Att'ys*,
  334 F. Supp. 3d 74 (D.D.C. 2018) ........................................... 9

*Browning v. Clinton*,
  292 F.3d 235 (D.C. Cir. 2002) ................................................ 5

*Campbell v. Dep't of Just.*,
  133 F. Supp. 3d 58 (D.D.C. 2015) ........................................... 9

*Cloonan v. Holder*,
  768 F. Supp. 2d 154 (D.D.C. 2011) ................................... 11, 12

*DeLeon v. Wilkie, Civ. A. No. 19-1250*
  (JEB), 2020 WL 210089 (D.D.C. Jan. 14, 2020) ................ 13-14

*Doe v. Chao*,
  540 U.S. 614 (2004) ............................................................. 6-7

*Doe v. Dep't of Treasury*,
  706 F. Supp. 2d 1 (D.D.C. 2009) ............................................ 11

*FAA v. Cooper*,
  566 U.S. 284 (2012) .............................................................. 13

*Fisher v. Nat'l Insts. of Health*,
  934 F. Supp. 464 (D.D.C. 1996) ............................................. 11

*Gordon v. Courter*,
  118 F. Supp. 3d 276 (D.D.C. 2015) .......................................... 9

*Henke v. Dep't of Commerce*,
  83 F.3d 1453 (D.C. Cir. 1996) ................................................. 8

*Holy Land Found. for Relief & Dev. v. Ashcroft*,
  333 F.3d 156 (D.C. Cir. 2003) ................................................. 5

*House v. Dep't of Just.*,
  197 F.Supp.3d 192 (D.D.C. 2016) ........................................... 9

*Kearns v. FAA*,
  312 F. Supp. 3d 97 (D.D.C. 2018) ........................................... 11

*Krieger v. Dep't of Just.*,
    529 F. Supp. 2d 29 (D.D.C. 2008) ........................................................ 9-10, 11, 12

*Logan v. Dep't of Veterans Affs.*,
    357 F. Supp. 2d 149 (D.D.C. 2004) .......................................................... 7

*Maydak v. United States*,
    630 F.3d 166 172 (D.C. Cir. 2010) ........................................................ 10-11

*Mobley v. CIA*,
    806 F.3d 568 (D.D.C. 2015) ................................................................... 9

*Mulhern v. Gates*,
    525 F.Supp.2d 174 (D.D.C.2007) ........................................................ 7, 10

*Schuler v. United States*,
    617 F.2d 605 (D.C. Cir. 1979) ................................................................ 5

*Sparrow v. United Air Lines, Inc.*,
    216 F.3d 1111 (D.C. Cir. 2000) .............................................................. 5

*Stewart v. Kendall*,
    --- F. Supp. 3d ---, 2022 WL 35642 (D.D.C. Jan. 4, 2022) ................... 13

*Wilson v. Libby*,
    535 F.3d 697 (D.C. Cir. 2008) ................................................................ 6

*York v. McHugh*,
    850 F. Supp. 2d 305 (D.D.C. 2012) ........................................................ 7

## Statutes

5 U.S.C. § 552a ....................................................................................... 4
5 U.S.C. § 552a(a)(5)............................................................................. 8, 10
5 U.S.C. § 552a(b) ................................................................................. 10
5 U.S.C. § 552a(g)(1)(A)-(D) ................................................................ 7
5 U.S.C. § 552a(g)(1)(D) ....................................................................... 7
5 U.S.C. § 552a(g)(4)(A) ....................................................................... 13

## Rules

Fed. R. Civ. P. 8(a)(2) ........................................................................... 5
Fed. R. Civ. P. 12(b)(6) ........................................................................ 1, 2, 5, 6, 10

Defendants United States Department of Justice ("DOJ") and United States Securities and Exchange Commission ("SEC") respectfully submit this Memorandum of Law in Support of Defendants' Motion to Dismiss.  For the following reasons, Plaintiff has failed to state a Privacy Act claim upon which relief can be granted.  The Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## INTRODUCTION

This case involves Plaintiff's effort to blame federal officials for the consequences of his own questionable conduct during his internship at the United States Attorney's Office in Miami. Plaintiff, then a University of Miami School of Law student who had initiated a private litigation in federal court at the time, allegedly went to the Judge's Chambers, using his office credentials to secure access, to try to expedite the consideration of his claims.  The judge believed this conduct was improper, convened a hearing, and (fairly or unfairly) severely chastised Plaintiff for his actions.  The transcript of the hearing made its way to an online legal publication, whose articles allegedly were distributed to his law school, state bar examiners, and the SEC, with whom Plaintiff had an internship lined up for the summer.

After these events, Plaintiff claims to have had difficulty securing admission to a state bar, and he blames those problems on Defendants.  Specifically, Plaintiff argues that employees of the U.S. Attorney's Office and the SEC disclosed the hearing transcript and news articles to other agency employees in violation of the Privacy Act.  Plaintiff alleges that he has been unemployed since 2020, not because of his own actions, but because of these alleged unlawful disclosures.

Plaintiff's Privacy Act claim is meritless.  The Complaint does not allege that the records at issue were contained in or retrieved from a Privacy Act "system of records" maintained by

1

DOJ or SEC.  Nor would such an allegation be plausible.  Plaintiff was not an agency employee (he was an intern), records pertaining to his employment were not contained in a system of records, and certain of the records at issue—the hearing transcript and the news articles—were publicly available.  In addition, the claims against the SEC should be dismissed because there is no allegation that the agency disclosed any records to persons outside of the agency.

Even if the Court were to find that Plaintiff has alleged disclosures that are actionable under the statute, he has not plausibly shown that he has incurred any actual damages as a result of such disclosures.  Plaintiff blames his employment prospects on the few disclosures at issue, but he has failed to identify any actual damages that plausibly are related to the disclosures rather than his own poor decision-making.

For these reasons, as discussed in detail below, the Court should grant this motion and dismiss Plaintiff's Privacy Act claim with prejudice pursuant to Rule 12(b)(6).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff is a Massachusetts resident who worked in 2018 as intern in the U.S. Attorney's Office for the Southern District of Florida.  Compl.[1] ¶ 7.  Plaintiff alleges that he was assigned to work in the office's Asset Forfeiture Division, which also had handled a litigation that involved Plaintiff's father.  *Id.* ¶¶ 7-15.  Plaintiff had "assisted defense counsel" in that matter but was unaware that his father had made allegations of misconduct and impropriety against the Miami-based prosecutors.  *Id.* ¶¶ 10, 36.

At some point, Plaintiff alleges that he "questioned the propriety" of a supervisor's decision to assign Plaintiff to cases that were "factually related" to the litigation involving his father, but Plaintiff's concerns were "summarily dismissed" by his supervisor, Assistant U.S.

---

[1]     Citations to "Compl." refer to the Verified Complaint, filed by Plaintiff on August 11, 2021.  ECF No. 1.

Attorney Alison W. Lehr ("AUSA Lehr"). *Id.* ¶¶ 16-18. Subsequently, Plaintiff alleges, his complaints that he was "verbally abused" by another attorney also were dismissed, and Plaintiff was eventually told that he should conclude his internship and that there was no more office space available for him. *Id.* ¶¶ 19-24.

At the same time, Plaintiff had commenced a civil action relating to his credit score in the Southern District of Florida. *Id.* ¶ 29. On April 9, 2018, the presiding judge left a voicemail on Plaintiff's cell phone ordering Plaintiff to appear in court the following morning. *Id.* ¶ 31. On April 10, 2018, the judge accused Plaintiff of "corruptly abusing his 'status' as a USAO intern by allegedly using his employment to request a certified copy of a record from a clerk." *Id.* ¶ 32. Plaintiff alleges that the judge further questioned Plaintiff's father's competency as an attorney and criticized him for "having submitted certain unrelated filings" as part of a civil case in Massachusetts. *Id.* ¶¶ 34-35. Plaintiff alleges that at the hearing, the judge referred to Plaintiff's employment at the U.S. Attorney's Office, stating: "It is your last week. It will be your last week and you will never be able to work at the U.S. Attorney's Office again[.]" *Id.* ¶ 41.

Based on these events, Plaintiff alleges that the U.S. Attorney personally called the presiding judge and requested assistance in terminating Plaintiff's internship. *Id.* ¶¶ 39-40. After the hearing, AUSA Lehr, purporting to help Plaintiff handle these troubles, suggested to Plaintiff that he order a transcript of the hearing. *Id.* ¶¶ 42-45. Plaintiff obtained a copy of the transcript and emailed it to AUSA Lehr. *Id.* ¶ 46.

On April 30, 2018, an article in "a national online tabloid" discussed the April 10, 2018, hearing under the headline "Judge Detonates Pro Se Law Student So Hard I Now Must Defend a Dumb Kid." *Id.* ¶ 48. The article linked to the transcript of the hearing. *Id.* ¶ 49. Plaintiff suspected that AUSA Lehr had transmitted the transcript to the online publication and its former

chief editor. *Id.* ¶¶ 50-54.  In addition, Plaintiff alleges that AUSA Lehr "and her Miami colleagues," motivated by a desire to retaliate against Plaintiff and impugn his reputation, also forwarded the transcript to "numerous individuals" within the U.S. Attorney's Office, SEC employees, the University of Miami School of Law, the Massachusetts and Florida Boards of Bar Examiners. *Id.* ¶¶ 54-63.  Plaintiff also alleges that AUSA Lehr transmitted "personal information regarding Plaintiff and his employment within the agency," including information from his personnel file and timesheet. *Id.* ¶ 57.  He further avers that personnel records were sent to the Executive Office for United States Attorneys and a "factually-erroneous" performance evaluation was sent to the University of Miami School of Law. *Id.* ¶¶ 60, 64.

Plaintiff alleges that the SEC's Miami office subsequently rescinded the paid internship at the agency's Washington, D.C., office that Plaintiff claims to have been promised "if he were to agree to first work as an unpaid summer intern." *Id.* ¶¶ 74-80.  In addition, Plaintiff alleges that the U.S. Attorney's Office "made false allegations of criminal conduct" to the Boards of Bar Examiners in Massachusetts and Florida, and Plaintiff was subsequently denied admittance in both states. *Id.* ¶¶ 81-82.

On August 11, 2021, Plaintiff commenced this civil action by filing a Complaint alleging a claim under the Privacy Act, 5 U.S.C. § 552a.  ECF No. 1.  Specifically, Plaintiff alleges that DOJ violated the statute when the U.S. Attorney's Office "unlawfully transmitted" Plaintiff's personnel file and timesheet" to third parties outside the agency.  Compl. ¶ 90.  In addition, Plaintiff asserts a Privacy Act violation based on the allegation that "numerous USAO and SEC employees circulated defamatory information such as the April 10, 2018 hearing transcript and certain defamatory news articles" within their agencies. *Id.* ¶ 94.  Plaintiff seeks declaratory, injunctive, and monetary relief. *Id.* at 18.

## APPLICABLE LEGAL STANDARDS

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and while "detailed factual allegations" are not necessary, the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007). Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 562-63.

The court "must treat the complaint's factual allegations as true, and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citations omitted); *see also Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (explaining that the facts in the complaint should be "liberally construed . . . in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged") (internal quotation marks and citations omitted). A claim is considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Supreme Court has clarified that plausibility "is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**ARGUMENT**

Plaintiff alleges that DOJ violated the Privacy Act by disclosing the hearing transcript, news articles, personnel file, and timesheet to other agency employees, a United States District Judge, an SEC official, media publications, a law school, and Boards of Bar Examiners in two states.  Plaintiff further alleges that the SEC violated the statute by circulating the hearing transcript and news articles to other SEC employees and "restating . . . the fabricated allegations of criminal conduct" in a call with a law school.

Plaintiff has not stated an actionable Privacy Act claim for the following reasons: (1) DOJ and SEC did not authorize the disclosures at issue and thus are not liable under the Privacy Act for the unauthorized disclosures by individual employees; (2) Plaintiff has not pleaded that the information that was allegedly unlawfully disclosed was contained in a "system of records" within the meaning of the Privacy Act; (3) Plaintiff has failed to allege that Defendants retrieved the subject records from a Privacy Act "system of records"; (4) with respect to certain disclosures by DOJ and all disclosures by SEC, Plaintiff has not pleaded that the agency disclosed any information to individuals outside the agency; and (5) Plaintiff pleads no facts that plausibly allege that he suffered actual damages as a result of the alleged disclosures. For these reasons, the Court should grant this motion and dismiss the Complaint pursuant to Rule 12(b)(6).

**I.     CLAIMS FOR IMPROPER DISCLOSURE OF AGENCY RECORDS UNDER THE PRIVACY ACT**

"The Privacy Act regulates the 'collection, maintenance, use, and dissemination of information' about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (quoting *Doe v. Chao*, 540 U.S. 614, 618 (2004)).  Subsection (g)(1) of the Privacy Act establishes the circumstances in which a plaintiff may seek civil remedies and recognizes "a

civil action for agency misconduct fitting within any of four categories [and] makes separate provision for the redress of each." *Chao*, 540 U.S. at 618; *see* 5 U.S.C. § 552a(g)(1)(A)–(D).

A claim for improper disclosure arises under the "catchall" subsection, § 552a(g)(1)(D), and consists of four elements: (1) the information in question is a "record" that is contained within "a system of records[;]" (2) the agency improperly "disclosed" the information; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional. *Logan v. Dep't of Veterans Affs.*, 357 F. Supp. 2d 149, 154 (D.D.C. 2004).

The Privacy Act does "not apply to every document created by an agency employee but only to those records considered sufficiently important to the agency's operations or mission to become part of the agency's system of records." *York v. McHugh*, 850 F. Supp. 2d 305, 314 (D.D.C. 2012). As explained below, the statute covers only disclosures of information that were either directly or indirectly retrieved from a system of records and not information derived solely from independent sources even though identical information may be contained in a system of records. *Id.* (alteration in original) (quotation omitted). In addition, an unlawful disclosure claim also requires a showing of "actual damages" as a result of some harm resulting from the disclosure. *See Mulhern v. Gates*, 525 F.Supp.2d 174, 181 (D.D.C.2007) (citing *Chao*, 540 U.S. at 620–21).

## II.   PLAINTIFF ALLEGES NO FACTS INDICATING THAT THE RECORDS AT ISSUE WERE CONTAINED IN A PRIVACY ACT "SYSTEM OF RECORDS."

Plaintiff's claim should be dismissed because he does not even allege an essential element of his claim:  that the subject records were contained in a "system of records."

### A.   A Privacy Act Violation Occurs Only When an Agency Discloses a Record Contained in a "System of Records"

The Privacy Act does not apply to every record in an agency's possession. Rather, the statute applies only to those records contained in "a system of records." The statute defines a

"system of records" as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). "[I]n determining whether an agency maintains a system of records keyed to individuals, the court should view the entirety of the situation, including the agency's function, the purpose for which the information was gathered, and the agency's actual retrieval practice and policies." *Henke v. Dep't of Commerce*, 83 F.3d 1453, 1461 (D.C. Cir. 1996).

> **B.  Plaintiff Has Not Alleged That the Records at Issue Were Contained in a "System of Records."**

The Complaint is silent on this element. Plaintiff does not allege that the United States Attorney's Office for the Southern District of Florida maintained any "group of records" in which the subject documents can be retried by an individual's name, identifying number, symbol, or other identifier unique to an individual. Not only is the pleading devoid of any relevant allegations on this point, but the allegations support the conclusion that the hearing transcript, news articles, and personnel records were not contained in a Privacy Act "system of records."

For example, Plaintiff's allegations regarding the hearing transcript demonstrate that he ordered a copy and sent it to AUSA Lehr. Compl. ¶¶ 44, 46. Plaintiff further alleges that AUSA Lehr (and her unnamed colleagues) sent the transcript from her work email account to her personal email account. *Id.* ¶¶ 55-56. Plaintiff also pleads that AUSA Lehr and others disclosed the transcript to third parties from their personal email accounts. *Id.* Accordingly, Plaintiff does not allege that the transcript was ever contained in a "system of records."

The same is true with the alleged disclosure of the news articles based on the hearing transcript. The Complaint does not allege that those records (assuming that they were "records"

rather than mere hyperlinks to websites featuring the articles) were ever contained on an agency "system of records."  To the contrary, the allegations indicate that AUSA Lehr and others transmitted these materials to third parties in the same way that the hearing transcript was transmitted—from their personal email accounts.

As for the final category of disclosed records—what Plaintiff describes as a "personnel" file, timesheet, and performance evaluation—Plaintiff's allegations also are insufficient to state an actionable Privacy Act claim.  This is because Plaintiff was an unpaid intern at the U.S. Attorney's Office, and he has not established that his files, or any intern's personnel files, were stored in a Privacy Act "system of records" that allowed for the retrieval of information by the individual's name, identifying number, symbol, or other specific identifier.

C.      **DOJ's Email System Is Not a Privacy Act "System of Records."**

Plaintiff's deficiency in this regard is not a mere pleading defect that is curable by amendment.  Under DOJ regulations, the agency's email systems, which includes those used by AUSAs and other employees (and interns), do not constitute a "system of records" because they are not indexed by personal identifier.  *See Bernegger v. Exec. Off. for U.S. Att'ys*, 334 F. Supp. 3d 74, 94 (D.D.C. 2018); *House v. Dep't of Just.*, 197 F.Supp.3d 192, 210 (D.D.C. 2016); *Gordon v. Courter*, 118 F. Supp. 3d 276, 290-91 (D.D.C. 2015); *see also Campbell v. Dep't of Just.*, 133 F. Supp. 3d 58, 69 (D.D.C. 2015) (same); *Mobley v. CIA*, 806 F.3d 568, 587 (D.D.C. 2015) (holding database of "e-mail traffic to and from other intelligence agencies" was not a "system of records" because the agency "does not organize records in [the . . . database] by individuals who may be mentioned in those records, nor does [it] retrieve records about individuals from that database by use of an individual's name or personal identifier as a matter of practice."); *Krieger v. Dep't of Just.*, 529 F. Supp. 2d 29, 42-43 (D.D.C. 2008) (explaining that

the fact that emails could be searched by name or other identifier was insufficient to render them a "system of records" within the meaning of the Privacy Act).

*     *     *

Because Plaintiff has not alleged that the allegedly disclosed records were contained in a Privacy Act system of records, and because his own allegations indicate that they were not contained in such a system, the Court should dismiss Plaintiff's Privacy Act claim pursuant to Rule 12(b)(6).

## III.   PLAINTIFF HAS NOT ALLEGED THAT THE DISCLOSED INFORMATION WAS "RETRIEVED" FROM A PRIVACY ACT "SYSTEM OF RECORDS."

Not only does the Privacy Act require that the records be contained in a "system of records," but the records that are alleged to have been unlawfully disclosed must also have been retrieved from that "system of records."  Because the Complaint does not include any allegations on this essential element—and the allegations suggest, if anything, that the subject records were not retrieved from a "system of records"—this is another basis upon which the Court should dismiss Plaintiff's claim.

As noted above, the Privacy Act prohibits the nonconsensual disclosure of "any record which is contained in a system of records by any means of communication," 5 U.S.C. § 552a(b), and defines "system of records" as "a group of any records under the control of any agency *from which information is retrieved* by the name of the individual or by some [other] identifying [information]."  *Id.* § 552a(a)(5) (emphasis added).  This definition — which incorporates the requirement that information "is retrieved" — has given rise to the so-called "retrieval rule." *Mulhern*, 525 F. Supp. 2d at 183.  The D.C. Circuit has emphasized that the plaintiff must demonstrate that records are actually retrieved by a personal identifier.  *Maydak v. United States*, 630 F.3d 166 172, 178 (D.C. Cir. 2010).  "The Circuit has held . . .  that records containing an

10

individual's name are not necessarily about that individual, and that the capability to retrieve records based on individual identifiers is not tantamount to actually retrieving them based on such markers." *Kearns v. FAA*, 312 F. Supp. 3d 97, 108 (D.D.C. 2018) (internal citations omitted) (emphasis in original).

Simply put, this rule provides that the statute "only covers [the nonconsensual] disclosures of information which was either directly or indirectly retrieved from a system of records." *Doe v. Dep't of Treasury*, 706 F. Supp. 2d 1, 6 (D.D.C. 2009) (quoting *Fisher v. Nat'l Insts. of Health*, 934 F. Supp. 464, 473 (D.D.C. 1996)).  From this, it follows that the statute does not prohibit the disclosure of information acquired from independent sources—*e.g.*, "observation, office emails, discussions with co-workers and the 'rumor mill'" — "even if the information disclosed is also contained in agency records." *Cloonan v. Holder*, 768 F. Supp. 2d 154, 164 (D.D.C. 2011); *see Krieger*, 529 F. Supp. 2d at 47 (finding no violation where agent disclosed information—derived from firsthand impressions—outside of agency).  At its core, this rule ensures that the Privacy Act "does not create a monastic vow of silence which prohibits governmental employees from telling others what they saw and heard merely because what they saw or heard may also be a topic of a record in a protective file." *Cloonan*, 768 F. Supp. 2d at 164 (quoting *Krieger*, 529 F. Supp. 2d at 47).

Here, Plaintiff has not only failed to allege that the allegedly unlawfully disclosed records were contained in a "system of records," but the Complaint also does not allege that such records were actually retrieved from a "system of records" and then sent to third parties.  Rather, the Complaint alleges that Plaintiff himself emailed the hearing transcript to AUSA Lehr, who allegedly transmitted the document to office colleagues and third parties.  The transcript, therefore, cannot form the basis of a Privacy Act claim because, even if it had coincidentally

been contained in a "system of records," the copy of the transcript allegedly transmitted to third parties was provided by Plaintiff himself.  "[T]he disclosure of information 'acquired from non-record sources—such as observation, office emails, discussions with co-workers and the "rumor mill"—does not violate the Privacy Act—even if the information disclosed is also contained in agency records.'"  *Cloonan*, 768 F. Supp. 2d at 164 (citations omitted); *see also Krieger*, 529 F. Supp. 2d at 47 ("Information derived solely from independent sources is not prohibited by the statute even though identical information may be contained in an agency system of records.").

The same analysis applies to the remaining records at issue.  The copies of news articles (or links to those articles) are not alleged to have been retrieved from a "system of records."  Nor would such an allegation make sense, as internet news articles are typically cut-and-pasted from a website or shared via a hyperlink.  Indeed, the Complaint describes "Above the Law" as "a national online tabloid," suggesting that the articles that are the subject of the Complaint were publicly accessible from the publication's website.

The Complaint also is silent as to whether the "personnel records"—including a "timesheet" and "performance evaluation"—were retrieved from a system of records.  While personnel records for DOJ employees are stored in the Electronic Official Personnel Folder, which is a Privacy Act "system of records," the same is not true for documents associated with interns' work.  In this case, Plaintiff alleges that AUSA Lehr was his "supervisor" during his internship, so it would be appropriate for her to have Plaintiff's timesheet and performance evaluations without having to retrieve those documents from a "system of records."  Once again, Plaintiff has failed to make any allegations as to where the subject records were retrieved, and his own allegations strongly suggest that they were not retrieved from a "system of records."

**IV.   PLAINTIFF ALLEGES NO FACTS TO SUPPORT THE CONCLUSION THAT HE PLAUSIBLY SUFFERED ACTUAL DAMAGES AS A RESULT OF THE ALLEGED UNLAWFUL DISCLOSURES.**

The Supreme Court has clarified that to plausibly allege an adverse effect, the plaintiff must plausibly allege "actual damages" resulting from the violation, *i.e.*, "actual pecuniary loss, which must be specially pleaded and proved," *FAA v. Cooper*, 566 U.S. 284, 295-96 (2012) (citing 5 U.S.C. § 552a(g)(4)(A)).  Under the Privacy Act, a plaintiff is "barred from any recovery" without showing that he or she suffered "special damages for proven pecuniary loss." *Id.* at 298; *see also Stewart v. Kendall*, --- F. Supp. 3d ---, 2022 WL 35642, at *3 (D.D.C. Jan. 4, 2022).  Plaintiff has failed to satisfy this requirement.

The Complaint contains only general allegations that the disclosures at issue caused the revocation of his internship at the SEC, led to the denial of his applications for admission to the Bar, or caused his current unemployment.  Compl. ¶¶ 82-85.  The pleading includes no allegations concerning actual damages and it does not identify any specific pecuniary loss that Plaintiff allegedly incurred.

The closest the Complaint comes to satisfying the pleading standard is his suggestion that the allegedly unlawful disclosures led to the rescission of his allegedly paid internship at the SEC.  *Id.* ¶ 75.  But Plaintiff does not allege that transmittal of documents led to the cancellation of his summer job.  Rather, he acknowledges that he was told by the SEC that the internship offer was revoked when he failed a background check.  *Id.*  Although Plaintiff believes that was not the true reason, his pleading does not plausibly allege that the job was revoked due to any of the alleged unlawful disclosures.  It is thus implausible for Plaintiff to claim that the disclosures of information—rather than his own misbehavior during his internship at the United States Attorney's Office—resulted in any pecuniary losses.  *See DeLeon v. Wilkie*, Civ. A. No. 19-1250 (JEB), 2020 WL 210089, at *8 (D.D.C. Jan. 14, 2020) ("Further, it is implausible for Plaintiff to

13

claim that the disclosures of information—rather than his admitted use of physical force against a visitor—resulted in the monetary damages here.").

For these reasons, Plaintiff has failed to plausibly plead another essential element of a Privacy Act claim, requiring dismissal of the Complaint.

## CONCLUSION

For the reasons set forth above, the Court should grant this motion and dismiss the claims in the Complaint with prejudice.

Dated:  May 20, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/ Paul Cirino
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone:  (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendants*